# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-30310

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSEPH ANTHONY ZINNERMAN, JR.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CR-170-1

---

Before ELROD, *Chief Judge*, CLEMENT and RAMIREZ, *Circuit Judges*.
PER CURIAM:*

Appellant Joseph Anthony Zinnerman, Jr. was charged and convicted under the felon-in-possession statute, 18 U.S.C. § 922(g)(1). Zinnerman now appeals, arguing that § 922(g)(1) is unconstitutional on its face and as applied to him. Because Zinnerman's facial and as-applied challenges are plainly foreclosed by our precedent, we AFFIRM Zinnerman's conviction.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30310

## I

In 2023, Ouachita Parish Sheriff's Deputies attempted to pull Zinnerman over for failing to use his turn signal. Instead of stopping, however, Zinnerman led the deputies on a car chase, eventually fleeing from his car on foot and running into the home of an unsuspecting man. Before the deputies arrested him, Zinnerman stashed a handgun that he had been carrying in the man's home.

Because Zinnerman had previous predicate felonies, he was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Zinnerman moved to dismiss the indictment, arguing that § 922(g)(1) violated (1) the Second Amendment, in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); and (2) the Commerce Clause. The district court denied the motion, and Zinnerman pleaded guilty, reserving his right to appeal the denial of his motion to dismiss. He was sentenced to 125 months' imprisonment, followed by three years of supervised release. Zinnerman timely appealed.

## II

On appeal, Zinnerman again argues that § 922(g)(1) is unconstitutional on its face and as applied to him. We address each of his arguments in turn.

## A

First, Zinnerman reasserts his argument that, in light of *Bruen*, § 922(g)(1) violates the Second Amendment and is therefore

No. 24-30310

unconstitutional on its face.  We review this preserved challenge[1] to the constitutionality of a criminal statute *de novo*.  *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014).

After the submission of Zinnerman's opening brief, we decided *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *petition for cert. filed*, (Feb. 18, 2025) (No. 24-6625), which held that "[b]ecause applying § 922(g)(1) to Diaz 'fit[] neatly' in th[e Nation's historical] tradition" of firearm regulation, the statute was not unconstitutional—facially, or as applied to Diaz.  *Id.* at 472 (citing *United States v. Rahimi*, 602 U.S. 680, 698 (2024)).

In light of *Diaz*, Zinnerman concedes that his facial challenge to § 922(g)(1) is now foreclosed.  We agree.

B

Second, Zinnerman argues that § 922(g)(1) is unconstitutional as applied to him because his prior felony convictions are non-violent and his underlying disqualifying felony offenses would not have historically resulted in lifetime disarmament.

1

As a threshold matter, we address whether Zinnerman properly preserved his as-applied challenge.

The government maintains that he did not preserve this challenge, because he made only a passing reference to an as-applied challenge and failed to discuss the particularized facts that are essential in adjudicating the challenge.  Zinnerman responds that his motion to dismiss set forth an as-

_____

[1] Zinnerman made this same argument in his motion to dismiss the indictment, so the argument is preserved on appeal.  *See United States v. Penn*, 969 F.3d 450, 459 (5th Cir. 2020).

3

applied challenge because it explicitly stated that "§ 922(g)(1) is unconstitutional as applied to Mr. Zinnerman." The determination of whether Zinnerman preserved his as-applied challenge is meaningful because, while we review preserved challenges *de novo*, unpreserved challenges are reviewed for plain error. *See Howard*, 766 F.3d at 419.

"There is [n]o bright-line rule . . . for determining whether a matter was raised below." *United States v. Hearns*, 845 F.3d 641, 648 (5th Cir. 2017) (alteration in original) (internal quotation marks omitted). "[I]f a party wishes to preserve an argument for appeal, the party must press and not merely intimate the argument during the proceedings before the district court." *Id.* (alteration in original) (quotations omitted). "An argument must be raised to such a degree that the district court has an opportunity to rule on it." *Id.* (quotations omitted).

Here, while the bulk of Zinnerman's argument in his motion to dismiss focused on the plain text of the Second Amendment and § 922(g)(1)'s alleged inconsistency with the historical regulation of firearms, the motion did expressly conclude that "§ 922(g)(1) is unconstitutional as applied to Mr. Zinnerman." Moreover, in the district court's memorandum opinion and order—issued one day after Zinnerman filed his motion[2]—the district court engaged in an as-applied analysis before concluding that "18 U.S.C. § 922(g)(1) does not violate Zinnerman's Second Amendment rights *and is constitutional as applied to Zinnerman.*"

The record supports the conclusion that Zinnerman preserved an as-applied challenge in his motion to dismiss, and we therefore review his as-applied challenge *de novo*.

---

[2] The government, therefore, never responded to Zinnerman's motion to dismiss.

No. 24-30310

2

Turning to the merits of Zinnerman's as-applied challenge, Zinnerman argues that because his convictions were for drug offenses—not crimes of violence—the government is unable to proffer a historical regulation that would prohibit gun possession of someone with Zinnerman's criminal history.[3] The government argues that Zinnerman's challenge is doomed because he fails to: (1) confront the drug-trafficking nature of one of his convictions; (2) acknowledge the violent offense conduct of one of his convictions; and (3) confront his state parole status and misdemeanor domestic violence convictions that already prohibited him from possessing a firearm. And while the government focuses on Zinnerman's "violent criminal history," it also argues that Zinnerman's state parole status provides a separate basis for the failure of his as-applied argument.

We agree with the government that Zinnerman's parole status is relevant and dispositive to his as-applied challenge. Following the parties' briefing, we decided two cases that foreclose Zinnerman's as-applied challenge.[4]

First, in *United States v. Contreras*, 125 F.4th 725 (5th Cir. 2025), Contreras was caught possessing less than two ounces of marijuana twice in 2020; a year later, he was convicted for being a user in possession of a firearm under § 922(g)(3) and sentenced to 24 months' imprisonment, followed by

---

[3] At the time of his § 922(g)(1) conviction, Zinnerman had three previous felony convictions for: (1) possession of oxycodone; (2) distribution of cocaine; and (3) attempted possession of a firearm by a convicted felon.

[4] *United States v. Contreras*, 125 F.4th 725 (5th Cir. 2025); *United States v. Giglio*, 126 F.4th 1039 (5th Cir. 2025); *see also United States v. Moore*, No. 24-30053, 2025 WL 711119, at *1, *4 (5th Cir. Mar. 5, 2025) ("Given this court's reasoning in *Contreras* and *Giglio*, Moore's probationary status at the time he was apprehended under § 922(g)(1) result[ed] in the failure of his as-applied challenge in this case.").

three years of supervised release. *Id.* at 727. While Contreras was on supervised release, he was subsequently arrested and charged as being a felon in possession under § 922(g)(1), and he pleaded guilty. *Id.* at 728. In both the district court and on appeal, Contreras challenged § 922(g)(1) on its face and as applied to him. *Id.*

Relevant here, in holding that § 922(g)(1) was constitutional on its face and as applied to Contreras, we observed that "[l]imitations on the constitutional right to bear arms while on probation are supported by our nation's historical tradition of firearm forfeiture laws, which temporarily disarmed persons while they completed their sentences." *Id.* at 732 (quoting *United States v. Goins*, 118 F.4th 794, 805 (6th Cir. 2024) (Bush, J., concurring)). And because "[t]he defendant receives a term of supervised release thanks to his initial offense, . . . it constitutes a part of the final sentence for his crime." *Id.* (quoting *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024)).

Also dispositive to Zinnerman's as-applied challenge is *United States v. Giglio*, 126 F.4th 1039 (5th Cir. 2025). Giglio was arrested twice in 2018 for crimes associated with gun violence and was subsequently charged with four counts of being a user in possession under § 922(g)(3). *Id.* at 1041. Giglio pleaded guilty to one count and was sentenced to 41 months' imprisonment, followed by three years of supervised release, which prohibited him from owning, possessing, or accessing firearms or ammunition. *Id.* While on supervised release, Giglio was arrested while hunting on a Mississippi game warden's property with a rifle. *Id.* He was subsequently charged with being a felon in possession under § 922(g)(1). *Id.*

We ultimately rejected Giglio's as-applied challenge and affirmed his § 922(g)(1) conviction, holding that the Second Amendment allows the government to disarm those still serving a portion of their sentence for a

§ 922(g)(1) predicate felony. *Id.* at 1044 ("[T]he government may disarm those who continue to serve sentences for felony convictions."). Moreover, we also agreed with the *Goins* and *Moore* courts that "our nation's historical tradition of forfeiture laws . . . supports disarming those on parole, probation, or supervised release." *Id.* (quoting *Goins*, 118 F.4th at 801–02). We also rejected Giglio's argument that, because supervised release was not expressly contemplated by § 922(g)(1), this court was not allowed to consider his supervised release status in its analysis. *Id.* at 1046 ("We need not look beyond that conviction to understand that it was constitutional for the government to regulate his possession of firearms for that period of time.").

In subsequent briefs to the court, the parties here debate *Giglio*'s applicability, with Zinnerman arguing that *Giglio* is inapplicable and conflicts with *Diaz* because "[u]nder the *Diaz* framework, a person's parole status is irrelevant to § 922(g)(1)." We disagree.

In *Diaz*, the panel disregarded dismissed charges, misdemeanor offenses, and contemporaneous (*i.e.*, committed at the same time as the § 922(g)(1) offense) offenses when considering what might serve as a trigger for disarmament (both now and at the Founding). 116 F.4th at 467. But in *Giglio*, the critical fact was that Giglio was on supervised release for a previous felony at the time of his arrest. *See* 126 F.4th at 1046. And our analysis focused on his prior felony conviction, including its punishment. *Id.* Indeed, as we reiterated, we "need not look beyond [a defendant's predicate] conviction to understand that it was constitutional for the government to regulate his possession of firearms for that period." *Id.* Therefore, we do not read *Giglio* to be in conflict with *Diaz*.

Nor does the fact that the defendants in *Contreras* and *Giglio* were on federal supervised release during their § 922(g)(1) violations—not state probation—affect our analysis. As we held in *Giglio*, "our nation's historical

tradition of forfeiture laws . . . supports disarming those on parole, probation, or supervised release." 126 F.4th at 1044 (quotations omitted); *see also id.* at 1044 n.5 (citing *Johnson v. Owens*, 612 F. App'x 707, 711 (5th Cir. 2015) ("[R]ecognizing that probation 'is comparable to supervised release in the federal system.'")); *Contreras*, 125 F.4th at 732; *Moore*, 2025 WL 711119, at *4 n.4. We therefore hold that Zinnerman's felony probation status at the time of his § 922(g)(1) offense forecloses his as-applied challenge under *Contreras* and *Giglio*.

## III

In sum, we hold that Zinnerman's facial challenge to § 922(g)(1) is foreclosed under *Diaz*, and his as-applied challenge is similarly foreclosed under *Contreras* and *Giglio*. We therefore AFFIRM Zinnerman's conviction.